Etta B. Franklin, Appellant, v. Thomas M. Hunter, Appellee.

Gen. No. 18,339.     (Not to be reported in full.)

Appeal from the County Court of Cook county; the Hon. W. F. SLATER, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1912. Affirmed. Opinion filed December 31, 1913.

### Statement of the Case.

Action by Etta B. Franklin against Thomas M. Hunter in replevin to recover possession of two wagons levied on by defendant, a bailiff of the Municipal Court, as the property of one Anna M. Leach, by virtue of an execution issued on a judgment against her. From a judgment in favor of defendant, plaintiff appeals.

BEAUREGARD F. MOSELEY, for appellant.

JOHN W. LEE, for appellee; OLAF F. SEVERSON and WILLIAM CHONES, of counsel.

MR. PRESIDING JUSTICE GRAVES delivered the opinion of the court.

### Abstract of the Decision.

1. COURTS, § 33*—*rule of Appellate Court as to sufficiency of abstract of record construed.* Rule 19 of the Appellate Court of the First District, requiring a party bringing a cause to that court to furnish a complete abstract or abridgment of the record and requiring that the abstract shall be sufficient to fully present every error and exception relied on, does not require the production of the record *in haec verba*, nor authorize a mere index of the record, but requires that the substance of the record must be given in as few words as will convey to the court all the facts necessary for it to know in order to determine the merits of the errors complained of.

2. APPEAL AND ERROR, § 866*—*sufficiency of abstract of record.* An abstract of record which is no more than an index from which

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.

it cannot be gathered what issues were formed and tried, and wherein it is more than an index it is in most cases an unabbreviated copy of the record, is insufficient.

3. APPEAL AND ERROR, § 867*—*manner in which bill of exceptions should appear in abstract.* Where a bill of exceptions is a part of the record there should be something in the abstract to indicate where it begins and ends. There should be a certificate of the trial judge at the end and not in the middle of the bill of exceptions, and it should so appear in the abstract.

4. APPEAL AND ERROR, § 867*—*order of arranging matter in the abstract.* Matter as it appears in the record should appear in the same order in the abstract.

5. APPEAL AND ERROR, § 1306*—*when presumed that replication was filed.* Where no replication to a plea is preserved in the record, it may be presumed that a general replication was filed where the record recites that "issue being joined a trial by jury is waived and cause is submitted to the court for trial without the intervention of a jury."

6. APPEAL AND ERROR, § 1000*—*when error in refusing admission of evidence not presented for review.* Error of court in refusing admission of evidence not presented for review where there is nothing in the bill of exceptions to show that the court excluded the evidence.

7. REPLEVIN, § 124*—*when evidence insufficient to show plaintiffs title to the property.* In replevin to recover two wagons levied upon by the defendant, an officer, under an execution on a judgment against a third party, the plaintiff claiming ownership of the property as a purchaser at a mortgagee's sale, a judgment in favor of defendant *held* sustained by the evidence, it appearing from the record that such third party had been owner of the property and up to the time of the levy had possession thereof, and there being no evidence tending to show that such party had ever parted with his title or possession.

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.